UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARLENE LOPEZ,

        Plaintiff,

    v.                           Case No:  6:16-cv-1904-Orl-DNF

NANCY BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## OPINION AND ORDER

Plaintiff, Darlene Lopez, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.  Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.  Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B.  Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability.  20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must prove that she is not undertaking substantial gainful

employment.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments.  *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii).  If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled.  20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii).  If she meets this burden, she will be considered disabled without consideration of age, education and work experience.  *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work.  *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work.  20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f).  If the claimant can still perform her past relevant work, then she will not be found disabled.  *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*.  In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair

record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

On July 1, 2014, Plaintiff filed an application for a period of disability and DIB, and an application for SSI. (Tr. 287-90, 291-97). In both applications, Plaintiff alleged an onset of disability commencing June 4, 2014. (Tr. 287, 291). Plaintiff subsequently amended her onset date to June 5, 2010. (Tr. 298). Plaintiff's applications were denied initially on September 22, 2014, and upon reconsideration on May 28, 2015. (Tr. 145-47, 152-54, 163-67, 169-73). Plaintiff requested an administrative hearing and on November 6, 2015, a hearing was held before Administrative Law Judge Chester G. Senf (the "ALJ"). (Tr. 76-107). On November 20, 2015, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 118-140). Plaintiff requested review of the ALJ's decision and, on January 21, 2016, the Appeals Council remanded the case for a new hearing. (Tr. 141-44).

A second administrative hearing was held before the ALJ on April 26, 2016. (Tr. 53-69). On June 2, 2016, the ALJ entered a new decision finding that Plaintiff was not disabled. (Tr. 11-36). Plaintiff requested review of the second decision and on September 1, 2016, the Appeals Council denied Plaintiff's request. (Tr. 1-6). Plaintiff commenced the instant action by Complaint (Doc. 1) on October 31, 2016.

**D. Summary of the ALJ's Decision**

The ALJ considered Plaintiff's Title II and Title XVI claims separately. Considering Plaintiff's Title II claims, the ALJ noted that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2013. (Tr. 17). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 5, 2010, her alleged onset date. (Tr. 17). At step two, the ALJ found that although the record reflects remote history of an affective disorder before the alleged onset date, there were no medical signs or laboratory findings to substantiate the existence of a severe medically determinable impairment as between the alleged onset date and the date last insured. (Tr. 17). The ALJ concluded that Plaintiff had not been under a disability from June 5, 2010, through the date last insured. (Tr. 19).

Considering Plaintiff's Title XVI claim, the Court found at step one that Plaintiff had not engaged in substantial gainful activity since June 5, 2010, her alleged onset date. (Tr. 19). At step two, the ALJ found that as of June 5, 2014, the protective filing date as to the Title XVI application, Plaintiff had the following severe impairments: attention deficit hyperactivity disorder (ADHD), depression and bipolar disorder. (Tr. 19). At step three, the ALJ found that as of June 5, 2014, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23).

Before proceeding to step four, the ALJ found that as of June 5, 2014, Plaintiff had the residual functional capacity ("RFC") to "a full range of work at all exertional levels but with the following nonexertional limitations: Mentally, she is fully capable of performing simple, repetitive

routine tasks." (Tr. 22). At step four, the ALJ found that Plaintiff had no past relevant work. (Tr. 28).

The ALJ noted that Plaintiff was 24 years old, which is defined as a younger individual, on the date the application was filed, that she had at least a high school education, and that she was able to speak in English. (Tr. 28). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 28). The ALJ reached this decision based on application of Grid 204.00. (Tr. 29). The ALJ concluded that Plaintiff had not been under a disability since June 5, 2014, the date the application was filed.

## II.    Analysis

Plaintiff raises a single issue on appeal: whether the ALJ's findings at step five are supported by substantial evidence. (Doc. 21 p. 11-13). Relying on *Vuxta v. Comm'r of Soc. Sec.*, 194 F. App'x 874 (11th Cir. 2006), Plaintiff argues that the ALJ erred by applying the Grids because Plaintiff's limitation to "repetitive" work is not a non-exertional limitation contained in the definition of unskilled work. (Doc. 21 p. 11-12). Plaintiff argues that the ALJ should have taken the testimony of a vocational expert or offered some explanation or authority to support the proposition that a limitation to "repetitive" tasks does not erode the occupational base for unskilled work. (Doc. 21 p. 13). In response, Defendant argues that substantial evidence supports the ALJ's step five finding and that the ALJ properly used the Grids to find that Plaintiff could perform other work. (Doc. 21 p. 13-17).

There are two avenues by which the ALJ may determine whether the Plaintiff has the ability to adjust to work in the national economy: either by using the Medical Vocational Guidelines ("grids") or by testimony from a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232,

1239-40. An ALJ cannot rely exclusively on grids when Plaintiff is unable to perform a full range of work at a given residual functional level or when a Plaintiff has non-exertional impairments that "significantly limit [her] basic work skills." *Id.* at 1242. "Significantly limit basic work skills" means that the limitations prohibit a plaintiff from performing a "wide range" of work at a given level. *Id.* at 1243. If Plaintiff cannot perform a full range of work at a given level or has non-exertional impairments that prohibit a wide range of work at a given level, the ALJ may use the grids as a framework, but must also introduce independent evidence, preferably through a vocational expert's testimony, of the existence of jobs in the national economy that Plaintiff can perform. *Wolfe v. Chater*, 86 F.3d 1072, 1077-78 (11th Cir. 1996).

In *Vuxta*, the Eleventh Circuit held that a limitation to simple tasks does not preclude an ALJ from relying on the Grids, since all unskilled jobs are by definition simple. *Vuxta,* 194 F. App'x at 878. As to a restriction for "repetitive" work, however, the Eleventh Circuit has ruled that a restriction to "repetitive" work is an additional non-exertional limitation that is not contained within the definition of unskilled work. *Id.* When the claimant has a limitation to repetitive tasks, the ALJ may not simply state that the Claimant is "not disabled" under the applicable Grid rule. *Id.* Instead, the ALJ must make findings as to how that limitation erodes the occupational base for unskilled work. *Id.* If the ALJ determines that the limitation to repetitive tasks significantly limits the claimant's work skills, then the ALJ must take testimony from a VE. *Id.*

As an unpublished decision, *Vuxta* is not "controlling authority" and is "persuasive only insofar as [its] legal analysis warrants." *Bonilla v. Baker Concrete,* 487 F.3d 1340, 1345 n. 7 (11th Cir.2007). While not controlling, the Eleventh Circuit's reasoning in *Vuxta* has been followed in numerous cases in the Middle District. *See Freeman v. Comm'r of Soc. Sec.*, 2015 WL 6438750, at *7 (M.D. Fla. Oct. 22, 2015) ("If the ALJ includes a limitation to repetitive tasks, then the ALJ

must determine whether such a limitation precludes the claimant from performing a wide range of work at a given level."); *Morgan v. Comm'r of Soc. Sec.*, 2015 WL 5178410, at *2 (M.D. Fla. Sep. 4, 2015) (stating that ALJ should have offered some explanation as to how limitations to repetitive tasks and occasional social interaction would erode the occupational base of unskilled work); *Coffin v. Comm'r of Soc. Sec.*, 2011 WL 806674, at *8-9 (M.D. Fla. Mar. 2, 2011) ("Here, as in *Vuxta*, remand is necessary for the ALJ to provide some explanation or analysis as to whether a limitation to repetitive and routine tasks, which are not within the definition of 'unskilled,' would preclude a wide range of work at the light level and obtain (if necessary) VE testimony.").

In this case, the ALJ specified in his RFC that Plaintiff had the non-exertional limitation of being limited to "repetitive" work tasks. Thus, the ALJ was required to determine whether such a limitation precluded the claimant from performing a wide range of work at a given level. *See Vuxta*, 194 F. App'x at 878. The ALJ, however, failed to provide any analysis as to whether Plaintiff's non-exertional limitations would erode the occupational base of unskilled work. This failure constitutes reversible error.

The Court is unpersuaded by Defendant's argument that Plaintiff failed to show that her ability to perform simple tasks and simple directions would have affected her ability to perform the simple demands of unskilled work. (Doc. 21 p. 15-16). Plaintiff is not arguing that the ALJ erred by failing to consider her non-exertional limitation to "simple" work, which Plaintiff acknowledges is contained with the meaning of "unskilled" work, but that the ALJ failed to address the non-exertional limitation to "repetitive" work as set forth in *Vuxta*. Notably, Defendant does not address the Eleventh Circuit's ruling in *Vuxta* or squarely address Plaintiff's argument that the ALJ failed to consider her non-exertional limitation to "repetitive" work.

The Court finds that the ALJ erred by failing to address whether Plaintiff's non-exertional limitations significantly limit Plaintiff's basic work skills. Plaintiff's limitation to repetitive tasks is not included in the definition of "unskilled" work. On remand, the ALJ shall consider whether Plaintiff's additional non-exertional limitations would significantly limit his basic work skills and whether a limitation to repetitive tasks would preclude a wide range of work. If the ALJ finds that Plaintiff's additional limitations significantly limit his basic work skills, then the ALJ must consult a vocational expert to determine whether there are sufficient jobs within the national economy that Plaintiff can perform.

## III.    Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 21, 2018.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties